**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denard Darnell Neal, | ) |
| Petitioner, | ) No. CR-90-03-PHX RCB |
| Vs. | ) O R D E R |
| United States of America, | ) |
| Respondent. | ) |

On February 24, 2006, Petitioner Denard Darnell Neal filed an *ex parte* motion to vacate void judgment. Mot. (doc. 158). Thereafter, on May 3, 2006, Neal filed another *ex parte* motion requesting notification of the status of his prior motion to vacate judgment. Mot. Status (doc. 166). After reviewing Neal's motions, the Court, on May 17, 2006, issued an order finding no reason for the motions to be dealt with on an *ex parte* basis. Order (doc. 167).[1] Accordingly, the Court ordered the Clerk to transmit copies

---

[1] The Court notes that the original order regarding these matters was mistakenly filed with the incorrect date of "17th day of May 2005" instead of "2006." Order (doc. 167). On June 6, 2006, Neal

of the motions to the United States Attorney for appropriate response. Id. at 2.  The Government filed its responses to Neal's motions on June 6, 2006.  (docs. 168 & 169).

Generally, Neal's motion to vacate the judgment is an attack on his 1990 criminal conviction.  It is not clear to the Court upon what basis Neal believes his conviction can and should be vacated. Neal spends the majority of his motion arguing that the Court lacks personal and subject matter jurisdiction over him because he was not provided sufficient service of process, the United States is a corporate franchise, he was not informed of the "nature or cause" of the action against him, and because Denard Darnell Neal is a "fictitious-corporate entity," thus requiring that all dealings with such entity comply with the Uniform Commercial Code.  Mot. (doc. 158).

The Court shall construe Neal's filing as a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2255.  As such, this petition was not properly filed.  Neal has filed two prior section 2255 petitions and one Rule 60(b) motion which was construed as a section 2255 petition.  (docs. 95, 126, 137 and 147).  Section 2255 provides that a second or successive motion made pursuant to that section must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence or a new rule of constitutional law.  See 28 U.S.C. § 2255.  Until the Ninth Circuit Court of Appeals certifies that a second or successive petition may

---

filed a motion entitled "Motion for Re-Issue of Court Order Bearing the Correct Date on Court Order," requesting that the Court amend the date of its order and re-file it with the correct date.  Mot. Amend. Order (doc. 171).  The Court shall grant Neal's motion to amend the order.

-2-

1 be filed, this Court is without jurisdiction to consider Neal's
2 claims.  See <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir.
3 1998).
4     Here, Neal has made no showing that a request for
5 certification was made or that authorization was granted by the
6 Ninth Circuit Court of Appeals.  Consequently, Neal's *Ex Parte*
7 Motion to Vacate Void Judgment shall be denied.  Since this Court
8 has now ruled on Neal's *Ex Parte* Motion to Vacate Void Judgment
9 (doc. 158), his *Ex Parte* Motion Requesting Status (doc. 166) is now
10 moot.
11     Therefore,
12     IT IS ORDERED that Neal's Motion for Re-Issue of Court Order
13 Bearing the Correct Date on Court Order (doc. 171) is GRANTED.  The
14 date of the Court's Order regarding Neal's *Ex Parte* Motion to
15 Vacate Void Judgment, Motion to Exclude United States Attorney from
16 Presenting Argument, *Ex Parte* Motion Requesting Status, and Motion
17 to Transport (doc. 167) is amended to read "17th day of May, 2006."
18     IT IS FURTHER ORDERED that Neal's *Ex Parte* Motion to Vacate
19 Void Judgment (doc. 158) is DENIED.
20     IT IS FINALLY ORDERED that Neal's *Ex Parte* Motion Requesting
21 Status (doc. 166) is DENIED as moot.
22     DATED this 24th day of August, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

27 Copies to counsel of record and Petitioner pro se.

- 3 -