WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Denard Darnell Neal, | ) | |
| | ) | |
| Petitioner, | ) | 2:90-CR-00003-PHX-RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Currently pending before the court are four motions by petitioner *pro se*, Denard Darnell Neal. Chronologically, based upon filing date, the first is a "Request for Immediate Change of Venue[.]" Mot. (doc. #215) (emphasis omitted). Second is petitioner's motion "to vacate void [sic] judgment pursuant to Rule 60(b)(3)[.]" Mot. (doc. #216). Third, petitioner has filed a "Request for Status of Filed Documents[.]" Mot. (doc. #217). Fourth, petitioner Neal also "Request[s] [a] Waiver of Costs, Fees, and Fines[]" (doc. 221) associated with his Notice of Appeal filed in the Ninth Circuit Court of Appeals on March 18, 2010 (doc. 218).

Petitioner's affidavit "to proceed on appeal *in forma pauperis*[] [("IFP")]}" accompanies that last request. See Aff. (doc. 222) at 1 (emphasis added). For the reasons set forth below, the court DENIES all four motions in their entirety.

### ***Background***

Petitioner Neal is an habitual filer of motions of various kinds all attacking, in one way or another, his 1990 conviction and subsequent sentence in 1991 of 55 years imprisonment for bank robbery and use of a firearm during a crime of violence. On direct appeal, the Ninth Circuit Court of Appeals affirmed petitioner's convictions and sentence. United States v. Neal, 976 F.2d 601 (9th Cir. 1992); United States v. Neal, 977 F.2d 593 (9th Cir. 1992). Several years later, the Ninth Circuit Court of Appeals affirmed the district court's denial of petitioner's first 28 U.S.C. § 2255 petition. U.S. v. Neal, 129 F.3d 128 (9th Cir. 1997)(unpublished opinion).

In the intervening years, petitioner has filed a number of other unsuccessful challenges to his sentence and attacks on his conviction.[1] Of particular significance here is that on two separate occasions the Ninth Circuit has denied petitioner's application for authorization to file in this court a second or successive petition under 28 U.S.C. § 2255.

---

[1] Indeed, petitioner has gone so far as to seek habeas corpus relief in the United States District Court for the District of Columbia. The court dismissed that action as an impermissible successive motion under 28 U.S.C. § 2255 because again Neal had not obtained certification from the Ninth Circuit. Neal v. Gonzales, 2007 WL 1322113, at *2 (D.D.C. May 4, 2007), aff'd without pub'd opinion, 258 Fed.Appx. 339 (D.C Cir. 2007).

The Ninth Circuit uniformly denied those applications because plaintiff did not make a *prima facie* showing under that statute. See Docs. 133 (No. 01-70790); and 135 (No. 01-71845).

Construing petitioner's motion to set aside judgment for fraud upon the court pursuant to Fed. R. Civ. P. Civ. P. 60(b) as an application to file a second or successive section 2255 petition, the Ninth Circuit likewise denied that motion. The Ninth Circuit did so because petitioner did not make a *prima facie* showing under that statute. Doc. 147 (No. 04-72347). Additionally, the Ninth Circuit denied another application by petitioner for authorization to file in this district court a second or successive section 2255 motion. The Court denied that application without prejudice to petitioner "filing a new application which complies with the requirements of the rules[.]" Doc. 134 (No. 01-71367). Further, construing another of petitioner's section 2255 motions as a writ of mandamus, the Ninth Circuit denied it. See Doc. 131 (No. 01-70650). The Ninth Circuit also summarily affirmed an order of this court denying petitioner's post-judgment motion for release. U.S. v. Neal, 263 Fed.Appx. 572 (9th Cir. 2008) (unpublished opinion).

In 2006, petitioner filed an "*Ex parte* Motion to Vacate Void Judgment Pursuant to Rule 60(b)(4)(5)" (doc. 158). Despite how petitioner styled that motion, the court construed it to be a second or successive section 2255 petition. Neal v. U.S., 2006 WL 2481126, at *1 (D.Ariz. Aug. 24, 2006) ("Neal I"). The court denied that petition because

Neal did not show that he had requested or received authorization from the Ninth Circuit to file a second or successive petition under 28 U.S.C. § 2255. Id. Petitioner did appeal that denial, but eventually he voluntarily withdrew it. Doc. 213 (No. 09-10181).

On March 15, 2010, while the foregoing motions were pending, petitioner filed a "Notice of Interlocutory Appeal to the United States Court of Appeal for the Ninth Circuit." Doc. #218. In that Notice, petitioner is appealing an undocketed March 2, 2010, memorandum from the Clerk of the Court, wherein the Clerk allegedly "refus[ed] to file documents in the Public Record." Id.

### *Discussion*

### *I. Jurisdiction*

The first issue which the court must address is the impact on the pending motions of petitioner's most recent filing of a Notice of Appeal. Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (*per curiam*) ("The filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until

the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007) (citation omitted). Hence, "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, *or reference to a non-appealable order*, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby v. Secretary of the Navy, 365 F.2d 385, 388-89 (9th Cir. 1996) (emphasis added). Simply put, "[f]iling an appeal from an unappealable decision does not divest the district court of jurisdiction." U.S. v. Hickey, 580 F.3d 922, 928 (9th Cir. 2009) (citation omitted), cert. denied, No. 09-1093, ___ U.S. ___, ___ S.Ct. ___, ___ L.Ed.2d ___, 78 U.S.L.W. 3549 (April 19, 2010).

Here, it is plain on the face of petitioner's Notice of Appeal that it is improper. Not only is it interlocutory, but petitioner is not appealing an order or judgment of this court, but rather a "memorandum" by the Clerk of the Court. As an aside, the court observes that because that memorandum is undocketed, the court has no idea as to its content. In any event, clearly, petitioner's filing of a Notice of Appeal after the filing of the pending motions did not divest this court of jurisdiction to entertain those motions. Having found that it has jurisdiction, the court will now address petitioner's motions.

### *II. Motion to "Vacate Void Judgment"*

The rambling and oft-times incoherent nature of

petitioner's Rule 60(b)(3) motion made it exceedingly difficult for the court to ascertain exactly what he is claiming. What is clear though is the nature of the relief which petitioner Neal is seeking. Petitioner seeks "total dismissal of all [criminal] charges [against him] along with an order to vacate the judgment & commitment order and [his] immediate release from custody[.]" Mot. (doc. 216) at 10-11, ¶ 22.); see also id. at 14, ¶ 2.) (same).

Petitioner styles this motion as one to vacate or void judgment brought pursuant to Fed. R. Civ. P. 60(b)(3). Id. at 1. That Rule allows, *inter alia*, a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . fraud[.]" Fed. R. Civ. P. 60(b)(3). However, given that petitioner is effectively seeking to vacate or set aside his sentence, the court construes this a motion brought pursuant to 28 U.S.C. § 2255. When it does that, the court finds that once again, Neal's "petition was not properly filed." Neal I, 2006 WL 2481126, at *1. "Section 2255 provides that a second or successive motion made pursuant to that section must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence or a new rule of constitutional law." Id. (citing 28 U.S.C. § 2255). "Until the Ninth Circuit Court of Appeals certifies that a second or successive petition may be filed, this Court is without jurisdiction to consider Neal's claims." Id. (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)).

As before, petitioner "Neal has made no showing that a

- 6 -

request for certification was made or that authorization was granted by the Ninth Circuit Court of Appeals." Id. Therefore, the court denies petitioner's "Commercial Notice and Pleadings to Vacate Void Judgment Pursuant to Rule 60(b)(3)[]" based upon lack of jurisdiction. Mot. (doc. 216) at 1.

Even if the court were to treat petitioner's motion as based upon Fed. R. Civ. P. 60(b)(3), it would still deny that motion. Among others, motions brought pursuant to subsection (b)(3) "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, petitioner was convicted in 1990 and sentenced in 1991. Obviously, this motion made nearly 20 years after the fact is not timely.

The court is well aware that Fed. R. Civ. P. 60(d)(3) "does not limit a court's power . . . to set aside a judgment for fraud on the court." The court is equally well aware that because "'[f]raud on the court' is a claim that exists to protect the integrity of the judicial process," such a claim, in contrast to other fraud-based Rule 60(b)(3) motions, "cannot be time barred." Bowie v. Maddox, 677 F.Supp.2d 276, 278 (D.C.D. 2010) (citing, *inter alia*, 12 James Wm. Moore et al., Moore's Federal Practice, § 60.21[4][g] & n. 52 (3d ed. 2009)). Thus, insofar as petitioner Neal's Rule 60(b)(3) motion can be read as asserting a fraud upon the court, that aspect of his motion would not be time barred.

Nonetheless, that aspect of petitioner's motion fails on

the merits. The Ninth Circuit "narrowly" construes "the term 'fraud on the court[.]'" Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003). It "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication." Id. (citation omitted). Indeed, the Ninth Circuit has so narrowly defined "fraud on the court" that it does not encompass "[n]on-disclosure, or perjury by a party or witness . . . , by itself[.]" Id. (citation omitted). "Fraud on the court requires a 'grave miscarriage of justice,' . . . and a fraud that is aimed at the court." Id. (quoting United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)).

In the present case, petitioner Neal has not provided any evidence of fraudulent conduct, much less any evidence that rises to the level of fraud on the court amounting to a "grave miscarriage of justice." The bulk of petitioner's motion consists largely of nonsensical rambling, with absolutely no evidentiary basis for support.

To illustrate, as he has previously, petitioner invokes the Uniform Commercial Code ("U.C.C.") for no logical reason.[2] This time petitioner repeatedly refers to himself as a

---

[2] In Neal I, petitioner asserted that "Denard Darnell Neal is a 'fictitious-corporate entity,' thus requiring that all dealings with such entity [must] comply with the [U.C.C.]." Neal I, 2006 WL 2481126, at *1 (citation omitted).

"Secured Party" in one form or another, and also as a "Holder-In-Due-Course[.]" See, e.g., Mot. (doc. 216) at 3, ¶¶ II (4.)); (5.)); (7.)). In a similar and equally incongruous manner plaintiff further alleges that he was "arrested . . . and imprisoned without due process . . . for the sole purpose of being held as surety for an ILLEGAL BOND AND SECURITIES BEING MARKETED IN THE IDENTITY OF THE COLLATERAL/DEBTOR DENARD DARNELL NEAL©, the register[ed] property of the Secured Party-Plaintiff." Id. at 7, ¶ 12.). As is readily apparent, even if the court were to deem petitioner's motion as having been brought pursuant to Fed. R. Civ. P. 60(b)(3) for fraud on the court, still, the court would find this motion to be wholly without merit. Accordingly, regardless of the type of fraud alleged, assuming *arguendo* that petitioner has brought a Rule 60(b)(3) motion, the court denies that motion altogether.

### *III.  Change of Venue*

In addition to seeking to vacate the judgment against him, petitioner is seeking an "immediate change of venue to the Federal District Court" in Anchorage, Alaska. Mot. (doc. 215) at 3, ¶ 2.). Apparently petitioner is basing this motion upon what he perceives as a "conflict of interest." Mot. (doc. 215). This alleged conflict arises from petitioner's wholly unsubstantiated and distorted theory that "the UNITED STATES ATTORNEY OFFICE IN PHOENIX . . . AND THE UNITED STATES DISTRICT COURT[,] DISTRICT OF ARIZONA[,] PHOENIX DIVISION IS [sic] PARTIES IN A[N] ON-GOING CRIMINAL SCHEME . . . [TO] CREATE[] AND MARKET BONDS AND SECURITIES IN

THE IDENTITY OF SECURED PARTY Denard-Darnell: Neal[.]" Mot. (doc. 215) (emphasis in original).

Petitioner cites no statutory or other legal basis for his motion to change venue, however. Presumably he is relying upon 28 U.S.C. § 1404, stating in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district court . . . where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). "The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Metz v. U.S. Life Ins. Co. in City of New York, 674 F.Supp.2d 1141, 1145 (C.D.Cal. 2009) (quotations omitted) (citing, *inter alia*, Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

"Analysis under § 1404 is two-fold." Id. "First, the defendant must establish that the matter 'might have been brought' in the district to which transfer is sought." Id. (quoting 28 U.S.C. § 1404(a)). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." Id. (citations and internal quotation marks omitted). "Second, courts must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." Id. (citing, *inter alia*, 28 U.S.C. § 1404(a)).

1  In the present case, petitioner Neal has not even
2  attempted to meet the first prong of section 1404(a), *i.e.*,
3  that this matter "might have been brought" in the United
4  States District Court for the District of Alaska.  So, there
5  is no need for the court to proceed to the second prong of
6  the analysis under section 1404(a).  Instead, the court
7  easily finds that petitioner has not met his burden of
8  establishing that a change of venue is warranted.

### IV. *Status*

The court's ruling herein denying petitioner Neal's Rule 60(b)(3) motion renders moot his petitioner's "request for the Status and/or adjudication of [his] Rule 60(b)(3)" motion.  Mot. (doc. 217) at 1.  Accordingly, the court denies that request as moot.

### V. *IFP Request*

Evidently petitioner's IFP request as to his most recent Ninth Circuit Appeal was precipitated by an April 19, 2010, order of that Court noting his failure to pay the required filing and docketing fees.  See United States v. Neal, No. 10-10117 (9th Cir. Apr. 19, 2010) (doc. 4-1).  The Ninth Circuit required petitioner Neal "[w]ithin 21 days after the date of th[at] order" to pay "the fees to the district court and provide written proof to th[at] court of having done so *o[r]* move for In Forma Pauperis."  Id. (emphasis added).  Petitioner opted to seek IFP status in this court.

Given that petitioner Neal was "determined to be financially unable to obtain an adequate defense in [his] criminal case," under certain circumstances, he may "proceed

on appeal in forma pauperis without further authorization[.]" Fed. R. App. Pro. 24(3)(A). Petitioner's "Notice of Interlocutory Appeal" of an undocketed memorandum from the Clerk of the Court supposedly "refus[ing] to file documents in the Public Record[,]" (doc. 218), is not taken in "good faith" as Rule 24(3)(A) requires, however. That appeal is not taken in good faith because, as already explained, petitioner is not appealing an order or judgment of this court, but rather a "memorandum" by the Clerk of the Court. Moreover, because that "memorandum" is not docketed and not otherwise been provided to the court, on the merits, it is impossible for this court to determine whether this appeal is taken in good faith. Accordingly, the court certifies that any appeal of the memorandum from the Clerk of the Court dated March 2, 2010 would not be taken in good faith. The court, therefore, denies petitioner's request for IFP status with respect to his Notice of Interlocutory Appeal filed on March 18, 2010.

For the reasons set forth above, IT IS ORDERED that:

(1) Petitioner's "Request for Immediate Change of Venue" (doc. 215) is DENIED;

(2) Petitioner's "Commercial Notice and Pleadings to Vacate Void Judgment Pursuant to Rule 60 (b)(3)[]" (doc. 216) is DENIED;

(3) Petitioner's "Request For Status Of Filed Documents[]" (doc. 217) is DENIED as moot; and

(4) Petitioner's "Request For Waiver of Costs, Fees, and Fines[]" (doc. 221) associated with his Notice of Appeal

filed in the Ninth Circuit Court of Appeals on March 18, 2010 (doc. 218) is DENIED.

DATED this 28th day of April, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and petitioner *pro se*