**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Denard Darnell Neal, | ) | |
| Petitioner, | ) | 2:90-CR-00003-PHX-RCB |
| vs. | ) | O R D E R |
| United States of America, | ) | |
| Respondent. | ) | |

### *Introduction*

Currently pending before the court is a "Motion to Proceed on Appeal In Forma Pauperis [("IFP")]" filed on June 7, 2010, by petitioner *pro se* Denard Darnell Neal (Doc. 227). As explained below, the court lacks jurisdiction to consider this motion; and, in any event, it is now moot.

### *Background*

On May 10, 2010, petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Doc. 224) of this court's order in Neal v. United States of America, 2010 WL 1752591 (D.Ariz. April

29, 2010) (Doc. 223) ("Neal I"[1]).  By letter filed May 17, 2010, the Ninth Circuit advised petitioner that his payment of the $455.00 docket fee for his Notice of Appeal was "**past due**[,]" and that he had to "correct th[at] deficiency **within 14 days**."  Doc. 226 (emphasis in original).  Otherwise, the Circuit Court informed petitioner, his "[f]ailure to respond to th[at] order within the time set out will result in dismissal of the appeal for failure to prosecute."  Id. (citation omitted).

Petitioner did not follow the Ninth Circuit's unequivocal directions.  Instead, on June 7, 2010, he filed in this district court the pending IFP motion.  Thereafter, on June 17, 2010, the Ninth Circuit Court of Appeals filed an order noting "that the filing and docketing fees for [petitioner's] appeal remain[ed] due."  United States v. Neal, 10-10236 (9th Cir. June 17, 2010) ("Neal I") (Doc. 3-1).  The Ninth Circuit thus ordered petitioner "[w]ithin 21 days after the date of th[at] order," to "pay to the district court the $445.00 filing and docketing fees for this appeal and file in this court [the Ninth Circuit] proof of such payment *or file in this court* [the Ninth Circuit Court of Appeals] *a motion to proceed in forma pauperis*."  Id. (emphasis added).  The Ninth Circuit also advised petitioner that "[f]ailure to pay the fees or file a motion to proceed in forma pauperis *shall result* in the *automatic dismissal* of the appeal by the Clerk for failure to prosecute."  Id. (citing 9th Cir. R. 42-1) (emphasis added).  That

---

[1] As this court noted in Neal I, petitioner "is an habitual filer of motions of various kinds all attacking, . . . his 1990 conviction and subsequent sentence in 1991 of 55 years imprisonment for bank robbery and use of a firearm during a crime of violence."  Id. at *1.  Hence, use of the designation "Neal I" is for brevity and in no way correlates to the number of motions which petitioner has actually filed.

-2-

order concluded by directing the Clerk to "serve a Form 4 financial affidavit on [petitioner][,]" and that was done. Id., and Doc. 3-2. In fact, after the Ninth Circuit's dismissal of his appeal, on July 21, 2010, petitioner filed that completed affidavit with the Ninth Circuit Court of Appeals. See Neal II,(Doc. 5).

When petitioner did not timely comply with the Ninth Circuit's order, on July 14, 2010, it dismissed his appeal for failure to prosecute. Doc. 229. After receiving petitioner's motion to proceed in forma pauperis and accompanying affidavit, on July 27, 2010, the Ninth Circuit "construed th[at] motion in part as a motion to reinstate []his appeal." Neal II, Doc. 7. "So construed," the Ninth Circuit granted that motion. Id. The Court thus vacated its July 14, 2010, order dismissing petitioner's appeal for failure to prosecute. See id. The Ninth Circuit further indicated that "[t]he motion to proceed in forma pauperis shall be addressed by separate order[]" of that Court.

### *Discussion*

The Ninth Circuit's recent reinstatement of petitioner's appeal, especially when coupled with petitioner's pending IFP motion in that Court, divests this court of jurisdiction to consider the IFP motion pending here. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") Therefore, the court denies petitioner's pending IFP motion for lack of jurisdiction.

-3-

Accordingly, the court ORDERS that petitioner's "Motion to Proceed on Appeal In Forma Pauperis" (Doc. 227) is DENIED.

DATED this 2nd day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and petitioner *pro se*